## FRANK RICHBERG ET AL V. A. PATTEN.

Decided April 10, 1907.

**Sale of Timber—Title—Judgment.**

Plaintiff having sold to defendants the growing timber on land claimed by him was entitled to recover the agreed price for the timber cut and taken by them, though he was not the owner of the land, and the true owner, in a suit against both seller and purchaser for the land and the value of the timber taken from it, had recovered the land but had failed to recover for the value of such timber.

Appeal from the County Court of Wood County. Tried below before Hon. J. O. Rouse.

The refused charge was to the effect that plaintiff could not recover if he did not own the land, and the charge requested by appellee, and given, was to the contrary.

*M. D. Carlock,* for appellant.

*Hart & Hart* and *A. J. Brittain,* for appellee, cited: Camley v. Stanfield, 10 Texas, 546; Tyler v. Davis, 61 Texas, 674; Moffet v. Sydnor, 13 Texas, 628; Tyles v. Murphy, 38 Texas, 75.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought in the court below by the appellee against the appellant to recover the value of certain timber sold by appellee to appellants, to be cut and manufactured into lumber, at $2 per thousand feet, situated on a certain tract of land in Wood County, Texas.

A trial before the court and jury resulted in a verdict and judgment in favor of appellee in the sum of $400.

Appellant's contention that, as the evidence shows that appellee was not the owner of the land upon which the timber which was sold grew, he was not legally entitled to recover the price contracted by appellants to be paid to him for such timber, is not in our opinion tenable, under the circumstances surrounding the transaction as disclosed by the record. The uncontroverted testimony shows that appellants contracted with appellee for the purchase of the timber, and agreed to pay him a certain price therefor, and that in pursuance of such contract, cut over 300,000 feet of the timber, and that they had only paid appellee $30 for the timber so cut. The testimony also shows that appellee had been claiming the land upon which the timber was cut for a number of years, and had been paying the taxes thereon, and that when the suit was instituted by H. M. Cate et al. for the land against appellee and appellants, and a writ of sequestration sued out and levied upon the land, appellee made a replevy bond and retained possession of the land, so that appellants were permitted to cut the timber off the land. While the judgment recovered in the suit of H. M. Cate and others against appellee and appellants decrees the land to the plaintiffs in that suit, there was no recovery for the timber cut off the land against either the appellee or the appellants, although the testimony in the record shows that the plaintiffs in that suit sued for the value of the timber cut off the land, as well as for the title and possession of the land. The verdict of the jury in that case specially states that no damages are found against A. Patten for timber. There is nothing in the record tending to show that the plaintiffs in that judgment, or anyone else, except appellee, are claiming the value of the timber cut off the land by appellants against them.

We think that, according to the testimony as shown by the record, appellee was entitled to recover against appellants the amount of the verdict and judgment rendered and entered in the court below; and

that the trial court did not err in refusing to give to the jury appellant's special charge No 1, nor in giving the special charge requested by appellee, of which complaint is made in appellant's third assignment of error.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*